IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISHA HINTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File |
| v. | ) |
| | ) No. |
| CATHERINE MCGAHAN and | ) |
| MARK MCGAHAN, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES**

COMES NOW Isha Hinton, individually, and files this Complaint for Damages against Defendants as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). This Court has supplemental jurisdiction of state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

1. Plaintiff is employed as a nanny by Defendants.

2. Defendant Catherine McGahan ("C. McGahan") is an individual who resides at 51 Rumson Way, Atlanta, Fulton County, Georgia 30305 ("Defendants' Home"). C. McGahan may be served by service of the Summons and a photocopy of this Complaint at said address as provided by law or where she may be found.

3. Defendant Mark McGahan ("M. McGahan") is an individual who resides at 345 Brentwood Ter., Atlanta, Fulton County, Georgia 30305. M. McGahan may be served by service of the Summons and a photocopy of this Complaint at said address as provided by law or where he may be found.

## FACTUAL ALLEGATIONS

4. C. McGahan and M. McGahan (the "Defendants") are collectively, at all times relevant, Plaintiff's employer as defined by 29 U.S.C. §203(d).

5. From approximately July 2016 through the present, Defendants employed Plaintiff as a nanny for Defendants' minor children and worked in Defendants' Home. Although Plaintiff worked part-time at first, beginning in approximately January 2017 Plaintiff worked full time for Defendants.

6. At all times relevant, Plaintiff was an employee as defined by the FLSA.

7. Plaintiff's primary job duty is non-exempt work consisting of functioning as a nanny for Defendants' minor children and did not involve exercising discretion over matters of significance.

8. During her employment, for the safety of the Children, Plaintiff was required to be on duty at all times that she was present in Defendants' Home and never completely relieved from duty while in Defendants' Home.

9. Defendants required, suffered, or permitted Plaintiff to work in excess of forty (40) hours per week without overtime pay.

10. During the period from approximately July 2016 to the present, Defendants paid Plaintiff $28.00 per hour, her regular rate of pay.  Defendants did not give Plaintiff a raise in the past seven (7) years.

11. Plaintiff was economically dependent upon Defendants.

12. Defendants had the power to hire and fire Plaintiff.

13. Defendants supervised and controlled, or at least had the power and authority to supervise and control, Plaintiff's work schedules, conditions of employment, and the rate and method of payment to Plaintiff.

14. In early 2021, Defendants agreed to pay Plaintiff $950.00 per month for health insurance, but Defendants failed to make all these payments.

15. Based upon Plaintiff's good faith estimate, Plaintiff worked for

Defendants an average of 60 hours per week, including some weekend hours during the period from January 2017 through the present, including the period from three years prior to the filing of this action to the present. The period from three years prior to the filing of this action to the present is defined as the "Period" in this Complaint.

16. Defendants failed to pay Plaintiff any amount for hours Plaintiff worked in excess of forty (40) hours per week during the Period.

17. While Plaintiff was working for Defendants, Defendants chose not to maintain records of the actual number of hours Plaintiff worked.

18. Upon information and belief, Defendants have not sought nor received an opinion of counsel that Defendants were not required to pay Plaintiff for all hours worked pursuant to the FLSA.

19. Upon information and belief, Defendants have not sought nor received an opinion of counsel that Plaintiff was exempt from overtime pay under the FLSA.

20. Upon information and belief, Defendants were unaware of any Department of Labor opinion, letter, publication, or other guidance indicating that employees doing the work done by Plaintiff under the same or similar circumstances were exempt from payment for all hours worked under the FLSA.

21. Defendants failed to act in good faith with respect to their failure to pay Plaintiff for all hours worked.

22. Defendants failed to act in good faith with respect to their failure to pay Plaintiff overtime pay for all hours worked in excess of forty (40) hours per week.

## **COUNT I**
### **(Overtime Claim)**

23. Plaintiff incorporates the allegations contained in paragraphs 1 through 22 by reference.

24. Plaintiff is not exempt from the overtime compensation provisions of the FLSA.

25. Defendants failed to record, report, and/or preserve records of the hours worked by Plaintiff.

26. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per week.

27. While Plaintiff was working for Defendants, Defendants knew that Plaintiff was not exempt from overtime pay under the FLSA.

28. While Plaintiff worked for Defendants, Defendants should have known that Plaintiff was not exempt from overtime pay under the FLSA.

29. While Plaintiff was working for Defendants, in willful violation of the FLSA, Defendants chose not to pay Plaintiff overtime pay as required under the FLSA.

30. Defendants' actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff for time spent on work activities as described in this Complaint.

31. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages for which Defendants are liable pursuant to 29 U.S.C. §§201 *et seq*.

32. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants violated the FLSA, 29 U.S.C. §201 *et seq*.

33. Defendants knew or showed reckless disregard for the fact that they were required to pay Plaintiff for overtime hours worked. This, as well as the conduct as aforesaid, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

34. During the Period, upon Plaintiff's good faith belief, Defendants failed to pay Plaintiff for 3,120 hours which she worked in excess of forty (40) per week (20 hours of overtime per week for three years).

35. Defendants are liable to Plaintiff for damages with respect to her unpaid overtime as follows: (a) overtime hours: $131,040.00 (3,120 hours at the overtime rate of $42.00 per hour) (1.5 x $28.00 per hour); liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) in the amount of at least $131,040.00; interest; and costs.

36. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays to this Court as follows:

a. A trial by jury;

b. A finding that Plaintiff is a non-exempt employee of Defendants entitled to protection under the FLSA;

c. A finding that Defendants violated the overtime provisions of the FLSA with respect to Plaintiff;

d. Judgment against Defendants in the amount of Plaintiff's unpaid back wages at the applicable overtime rate;

e. An award of all damages, liquidated damages, pre-judgment interest, and post judgment interest;

f. An award of attorneys' fees and costs pursuant to 29 U.S.C. §216(b);

g. Such other and further relief, in law or equity, as this Court may deem to be appropriate and just.

Respectfully submitted, this 15th day of August 2022.

AUSTIN & SPARKS, P.C.

*/s/ John T. Sparks, Sr.*
John T. Sparks, Sr.
Georgia State Bar No. 669575
Attorneys for Plaintiff

2974 Lookout Place, N.E., Suite 200
Atlanta, Georgia 30305
404-869-0100 / 404-869-200 (fax)
jsparks@austinsparks.com