**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ISHA HINTON,<br>     Plaintiff,<br><br>          v.<br><br>CATHERINE MCGAHAN and MARK MCGAHAN,<br>     Defendants. | Civil Action No.<br>1:22-cv-03257-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Isha Hinton and Defendants Catherine McGahan and Mark McGahan's (the McGahans) (collectively, the Parties) Joint Motion for Settlement Approval and Dismissal of the Action with Prejudice (Motion for Settlement) [ECF 43]. The Motion for Settlement is **DENIED WITHOUT PREJUDICE**.

**I.    Background**

Hinton was the McGahans' nanny.[1] On August 15, 2022, she filed suit to recover for an alleged 3,120 hours' worth of unpaid overtime.[2] The Parties have actively litigated since that time. At some point, either before or during the litigation, the McGahans began negotiating their divorce, which was purportedly

---

[1]   ECF 1, ¶ 5.

[2]   *Id.* ¶¶ 34–35.

contentious and complicated this litigation.[3] On June 12, 2023, the Parties filed the Joint Motion for Settlement.[4] They agreed on a gross settlement sum of $164,635.80, accounting for both back wages and liquidated damages.[5] Notably, Hinton and her counsel (Counsel) agreed on a forty-percent contingency fee at the outset of Counsel's representation, rather than Counsel's customary hourly fee.[6] If Counsel were to receive the agreed contingency fee, he would receive $65,854.32 from the gross settlement amount.[7] Costs of $1,329 incurred by Counsel would also be deducted from the total settlement sum.[8]

## II.   Discussion

FLSA settlements must be reasonable. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982) (parties may settle an FLSA claim "if the district court determines it is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."). Courts' review of FLSA settlements to ensure reasonableness

---

[3]   ECF 43, at 13.

[4]   *Id.*

[5]   *Id.* at 8.

[6]   ECF 43-3, at 2.

[7]   ECF 43, at 9.

[8]   *Id.*

"implicate[ ] both the rights of the settling employee and the interests of the public at large." *Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302, 1305 (N.D. Ga. 2017).

In assessing reasonableness, courts ask two questions. First, they consider whether the compromise is reasonable ***to the employee***. *Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1264 (M.D. Fla. 2010)). If it is, courts then inquire whether the compromise "impermissibly frustrates the implementation of the FLSA in the workplace." *Id.* The district court should approve the compromise only if it is found to be reasonable and further implements the FLSA in the workplace. *Id.* Here, for the reasons that follow, the Parties have not sufficiently explained why the amount Counsel would receive under the contingency fee arrangement is reasonable.

**A.   The Motion Does Not Sufficiently Explain Why Counsel's Contingency Fee Is Reasonable.**

In assessing the reasonableness of a settlement under the FLSA, the district court must assess "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under the settlement agreement." *See Silvia v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (affirming that district courts have a duty to review the reasonableness of both the compromise and attorneys' fees). Typically, attorneys' fees are reasonable when "the plaintiff's

attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff." *Elleby v. Fusion Mgmt. Servs., LLC*, 2021 WL 9772801, at *2 (N.D. Ga. Feb. 3, 2021) (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). However, even if the attorneys' fees have been negotiated separately, settlements that "do[ ] not appear reasonable on [their] face" or show "that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney" are unreasonable. *Id*.

While contingency fees are not *per se* unreasonable under the FLSA, courts in the Eleventh Circuit nevertheless scrutinize the fairness of contingency fee agreements in FLSA cases. *Elleby*, 2021 WL 9772801, at *2 (N.D. Ga. Feb. 3, 2021) (citing *Silvia*, 307 F. App'x at 351). Contingency fees must be justified from the specifics of the particular case. *Brenowitz v. Implant Seminars, Inc.*, 2017 WL 3438879, at *2 (S.D. Fla. Aug. 10, 2017) ("There is no flat-out rule that contingency agreements in FLSA cases are always automatically unreasonable, presumptively unreasonable, or presumptively reasonable. Instead, the reasonableness of the contingency arrangement will depend on the specifics of the particular case.").

Counsel avers that the contingency fee was negotiated separately and without regard to the amount paid to Plaintiff, since Hinton and Counsel agreed to a 40% contingency fee prior to the start of representation. Counsel also provided

a lodestar analysis of his hours worked and billable rate to suggest that the putative contingency fee, while significantly higher than the lodestar, should be awarded. However, Counsel fails to show that Hinton's recovery is not adversely affected by the contingency fee arrangement because Counsel does not explain why the amount of the contingency fee *over and above* the lodestar is reasonable. The case law on which Counsel relies deals only with contingency fees *below* the lodestar.

### 1. Counsel Fails to Justify the Contingency Fee's Reasonableness.

In the joint motion, Counsel provides a lodestar analysis, establishing that his hourly rate would have yielded $51,685 in attorneys' fees.[9] *See Weaver v. Coastal Austin Therapy, Inc.*, 2021 WL 5541943, at *2 (S.D. Ga. Jan. 25, 2021) (assessing the contingency fee's reasonableness by using the lodestar approach); *Ogden v. Topbuild Corp.*, 2022 WL 2317506, at *2 (M.D. Fla. Jan. 27, 2022) ("The Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide."). If Counsel's contingency fee were lower than the total using his hourly rates, the analysis would end here, and the fees would be presumed reasonable. However, the

---

[9]   ECF 43-3, at 3.

motion concludes without explanation that the lodestar supports a contingency fee of $65,854.32. Counsel cites multiple factors—the benefit conferred on Hinton, the litigation risk Counsel bore, the complexity of the case, and Counsel's skill to name a few—that support the reasonableness of the requested fees. But these factors are already baked into the lodestar analysis. While the Court finds the lodestar amount is reasonable under the circumstances, Counsel asks for $14,169.32 more than that without any further explanation.

At first glance, $14,169.32 seems nominal given the total settlement sum and that Hinton might not have been able to retain a lawyer without striking a contingency fee deal. However, considering that the $14,169.32 contingency fee overage is more than 25% of the reasonable lodestar sum and comes directly out of Hinton's pocket, the Court cannot accept Counsel's representation of reasonableness without some additional justification. *See Weaver*, 2021 WL 5541943, at *3 (denying settlement approval because the contingency fee unreasonably exceeded the lodestar); *Ogden*, 2022 WL 2317506, at *2 ("[A]ny compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.").

The closest Counsel comes to distinguishing the overage from the average case is his reference to the complexity "of navigating the somewhat choppy waters

around the pending domestic relations action between the [McGahans] while at the same time keeping this action as separated from that action as possible."[10] But even taking that assertion as true, it is difficult to see how the added complexity was not already accounted for by the number of hours Counsel billed and his relatively high hourly rate.[11]

### 2. Counsel Relies on Inapposite Case Law to Justify the Contingency Fee Overage.

Counsel cites to a string of cases where contingency fees were approved as part of FLSA settlement agreements. These cases fall into two distinct groups, neither of which is analogous.

#### *i.* **The Florida Cases**

Counsel cites to a group of cases that accept contingency fees at face value. However, these cases rely on the Florida Bar Rules of Professional Conduct, which provide that 40% contingency fees are presumptively reasonable if an answer has been filed or if one of the parties has demanded the appointment of an arbitrator.

---

[10] ECF 43, at 13.

[11] Diving deeper into the record, Counsel appears to betray his argument that the McGahans' divorce justifies thousands more in fees. Rather, the divorce may have enhanced Hinton's negotiating position. ECF 43, at 13 ("I suggested that this information was helpful because we can hold up the divorce settlement and leverage that into a higher settlement in our case.").

*See Gunn v. Env't Risk Mgmt., Inc.*, 2008 WL 4710757, at *2 n.1 (M.D. Fla. Oct. 23, 2008) (citing the Florida Bar Rules of Professional Conduct to show that contingency fees are "not clearly excessive" at face value); *Alvarez v. Best of Best Catering, Corp.*, 2008 WL 4415402, at *2 (M.D. Fla. Sept. 25, 2008) (same); *Mansfield v. Castaways Backwater Café, Inc.*, 2008 WL 3889598, at *2 (M.D. Fla. Aug. 18, 2008) (same). Counsel's reliance on cases premised on local Florida rules neither binds nor persuades: the Florida Rules do not control here, and their proclamation that a contingency fee is "not clearly excessive" does not convince this Court that the fee here is *per se* reasonable without further justification.

### ii. The Georgia Cases

Counsel also cites to several of this District's cases where Counsel's own motions for settlement—all including 40% contingency fees—were approved. Counsel fails, however, to identify that those motions were granted because, in each case: (1) Counsel provided the lodestar to cross-check the reasonableness of the contingency fee, and (2) the contingency fee amount was **lower** than the lodestar and therefore reasonable. *See Lumpkin v. Hedges*, No. 1:20-cv-02519-MHC (N.D. Ga. Nov. 13, 2020) (approving the 40% contingency fee of $25,000, which was lower than the $34,165 lodestar); *Williams v. Hedges*, No. 1:18-cv-02640-LMM (N.D. Ga. Dec. 7, 2018) (approving the 40% contingency fee of $30,000, which was

lower than the $36,065 lodestar); *Van Voorn v. Bundy et al.*, No. 1:15-cv-3228-WSD (N.D. Ga., Dec. 31, 2015) (approving the 40% contingency fee of $10,000, which was lower than the $13,000 lodestar); *Thompson v. Trinitas Ventures, LLC*, No. 1:14-cv-2503-SCJ (N.D. Ga. Oct. 31, 2014) (approving the 40% contingency fee of $10,000, which was lower than the $18,000 lodestar).

This case presents the reverse: the 40% contingency fee of $65,854 is higher than the $51,685 lodestar. Counsel does not provide, and the Court has not found, a case in this or any Circuit that has approved a contingency fee that outpaces the lodestar without justification that the overage is reasonable. Before the Court can approve the parties' settlement agreement, further explanation is needed to support the overage.[12]

---

[12]   The Court concludes that the costs Counsel seeks are reasonable.

### III. Conclusion

The Motion for Settlement [ECF 43] is **DENIED WITHOUT PREJUDICE**. Within 14 days of this Order, the Parties may renew the motion consistent with this Order.

**SO ORDERED** this 6th day of July, 2023.

Steven D. Grimberg
United States District Court Judge